**MICHAEL R. SALA, Petitioner**

**v.**

**AMERICAN SAMOA GOVERNMENT, DEPARTMENTS OF PUBLIC SAFETY, HUMAN RESOURCES and LEGAL AFFAIRS, and SPECIAL BOARD OF INQUIRY,**
Respondents

High Court of American Samoa
Trial Division

CA No. 35-92

April 23, 1992

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and MATA'UTIA, Associate Judge.

14

Counsel: For Petitioner, John L. Ward II
For Respondents, Jennifer Joneson, Assistant Attorney General

On Plaintiff's Motion for Partial Summary Judgment:

## FINDINGS

There are no genuine issues as to the material facts forming the basis for plaintiff Michael R. Sala's present motion for partial summary judgment, under T.C.R.C.P. 56, heard on April 15 and 20, 1992. The motion seeks to obtain his compensation as an employee of defendant American Samoa Government (Government), beginning February 26, 1992, the date of his suspension without pay pending removal. The facts are as follows:

1. Plaintiff is a career-service employee of the Government. On November 15, 1991, he held the position of Deputy Commissioner in the Government's Department of Public Safety. His duties included the functions described in paragraph 4 of these findings.

2. On November 15, 1991, the Commissioner of Public Safety served plaintiff with Commissioner's Office Memorandum No. 61-91, entitled "Notice of Charges Re Traffic Accident on August 6, 1990." The notice informed plaintiff that the Special Board of Inquiry, established to investigate plaintiff's involvement in this traffic accident as the driver of a Government vehicle which struck and injured a pedestrian, had completed its investigation and recommended plaintiff's prosecution on criminal charges and adverse disciplinary action by termination of his employment. Plaintiff was given three days to respond to the memorandum, which he did in writing on November 18, 1991.

3. On November 15, 1991, the Commissioner also issued to plaintiff Commissioner's Office Memorandum No. 62-91, entitled "Notice of Placement of [sic] Annual Leave." This notice, on the basis of the Special Board of Inquiry report and the sensitive nature of plaintiff's position and responsibilities in the Department, relieved plaintiff from all duties of his position and placed him on annual leave, effective immediately, until the resolution of the underlying matter.

4. On November 18, 1991, the Acting Governor, by memorandum to the Commissioner, restored plaintiff to his position as head of the Government's operations within the Department in connection with the

15

multi-jurisdictional, law-enforcement programs of the South Pacific Islands Criminal Intelligence Network (SPICIN) and U.S. National Central Bureau (Interpol).

5. On February 7, 1992, the Commissioner, by memorandum to the Director of Human Resources, forwarded the Special Board of Inquiry report, Commissioner's Office Memorandum No. 61-91 of November 15, 1991, and plaintiff's written response of November 18, 1991, and, stating that plaintiff's "acts and misconduct in this matter have adversely reflected upon the dignity, integrity and prestige of the governmental service," recommended that plaintiff be terminated from employment with the Government. The Commissioner did not request plaintiff's suspension with or without pay pending removal.

6. On February 25, 1992, the Director of Human Resources, by memorandum to plaintiff, notified plaintiff that the Director was terminating plaintiff's employment with the Government, effective March 28, 1992, and suspending plaintiff from his duties, which was implemented without pay, for 30 days from February 26 to March 27, 1992. The notice informed plaintiff that the Director had carefully reviewed this matter and concurred in the Commissioner's recommendation as reasonable. It further advised plaintiff that his termination was based on plaintiff's "conduct unbecoming a reliable and dependable employee of the Government," specifically citing charges of "speeding, careless driving, driving while under the influence of intoxicating liquor, causing bodily injury, tampering with and/or fabricating evidence, and failure to exercise care while operating a government vehicle" arising out of the traffic accident on August 6, 1991. The letter also advised plaintiff that he was entitled to request, within ten days, a hearing on this matter before the Government's Personnel Advisory Board and that he had certain rights and procedures related to this hearing process.

7. On February 28, 1992, plaintiff formally requested a hearing before the Personnel Advisory Board, which was then scheduled for March 16, 1992, by the Director of Human Resources. Before the hearing date, plaintiff requested additional preparation time and disqualification of the Attorney General's Office from representing the Government at the hearing. The Attorney General's Office agreed on the Government's behalf to both requests. On March 13, 1992, plaintiff filed this action for declaratory relief. In a hearing before the Court on March 27, 1992, the parties agreed, among other things, that at

16

plaintiff's request the Personnel Advisory Board hearing would be delayed until after there is a final decision in this action.

## DISCUSSION AND CONCLUSIONS

The statutory authority for termination of employment in the career service with the Government is provided in A.S.C.A. § 7.0803, which reads:

> 7.0803 Demotion and termination.
>
> (a) Any employee in the career service serving under an appointment without a time limitation who has completed his probationary period may be removed for cause or demoted on any ground set out in 7.0801.
>
> (b) When considered appropriate, such action shall be recommended in writing to the director of manpower resources by department heads or other authorized operating officials, who shall supply the director with supportive evidence.
>
> (c) If the recommendation is followed, the director shall in writing notify the employee of the nature of the charges against him, that he is subject to removal or demotion 30 calendar days from the date of the notice, and that he may request a hearing before the personnel advisory board within 10 calendar days of the date he receives the notice.
>
> (d) The decision of the personnel advisory board, or of the director of manpower resources in the event no hearing is requested and held, shall be final and shall be made within the 30-day notice period provided in subsection (c).
>
> (e) Employees serving under temporary appointments as defined in subsection (a) of 7.0207 may be terminated at any time without notice or the procedures described in this section.

Grounds for termination as adverse disciplinary action are set forth in A.S.C.A. § 7.0801 as follows:

> 7.0801 Grounds for demotion, suspension, or removal.
>
> Employees in the career service may be demoted, suspended, or removed for below standard

17

job performance, misconduct on the job, misconduct off the job which reflects adversely on the government, conviction of a felony, sentence to prison for 30 days or more upon conviction of a crime, or violation of standards established administratively which govern employee conduct and deportment, including but not limited to, the proper use and penalty for misuse of government property.

Administration rules implementing these statutes have been promulgated at A.S.A.C. §§ 4.0801 and 4.0802. These rules state:

4.0801 Discipline policy generally--Scope of reasons for removal.

It is the policy of the ASG to ensure that employees whose performance of their duties or conduct are not satisfactory are removed from their position promptly, that those who are guilty of misconduct not sufficiently serious to justify removal be properly disciplined, that voluntary and involuntary separations be handled in an orderly manner, and that employees be protected against arbitrary or capricious action. Removal may be effected for any of the reasons but not limited to those, referred to in this title and in the ASCA.

4.0802 Removal, suspension, demotion of career employees.

(a) Employees in the career service, not serving probationary or trial periods and who are not serving under temporary appointments or contracts, shall not be removed, suspended, or involuntarily demoted except for such cause as will promote the efficiency and the good of government service.

(b) Discrimination shall not be exercised in suspensions, removals, or demotions because of an employee's religious belief or affiliations, marital status except as may be required by this title, race, ethnic background, or political affiliation except as may be required by law, and his physical handicap unless he is unable to perform the duties of his position.

(c) Like penalties shall be imposed for like offenses whenever removals, suspensions, or demotions are made or when other disciplinary actions are taken.

(d) One of the following procedures shall be followed in cases of removal, suspension, and involuntary demotion:

(1) The employee shall be notified, in writing, of the charges against him, and of the corrective action proposed to be recommended to the director or, in the case of the Judicial Branch, the Chief Justice, to be taken against him.

(2) The notice shall set forth, specifically and in detail, the charges preferred against him.

(3) The employee shall be allowed 3 days for filing a written answer to such charges and for furnishing affidavits in support of his answer, or he may request and shall be given the opportunity to reply orally.

(4) If the employee answers the charges, his answer must be considered by the agency. Following consideration of the answer, the employee must be furnished with the agency's decision, in writing, as to the action to be recommended to the director or, in the case of the Judicial Branch, the Chief Justice.

(5) The agency shall forward to the director copies of the charges, answer, and reasons for recommended adverse action, all of which shall be made a part of the employee's official personnel file.

(e) The employee shall be retained in an active duty status during the period of notice of proposed action except as follows:

(1) The employee may be placed on annual leave when the agency head does not consider it advisable from an official standpoint to retain him in an active duty status during the advance notice period.

(2) When the employee is not placed on annual leave and the circumstances are such that his retention in an active duty status may result in damage to government property, or may be detrimental to the interests of the government or injurious to the employee, his fellow workers, or the general public, he may be temporarily assigned duties in which these conditions will not exist, or be placed on excused

19

absence, and is required to submit a reply to the charges within 24 hours. The employee may be placed on immediate suspension pending removal thereafter if requested by the director or, in the case of the Judicial Branch, the Chief Justice.

(f) The director, if he considers the recommending official's request reasonable, shall advise the employee in writing of the removal action to take effect 30 calendar days from the date of the notice, the reasons therefor, and that he may request a hearing before the board within 10 calendar days of the date he receives the notice.

(g) If the employee does not appeal or if he appeals and the appeal is denied, his removal shall be processed finally in accordance with instructions applying within the office of manpower resources.

These statutes and administrative rules are quoted in full to indicate the complete instructive context in which the termination of a Government career-service employee must function up to the point in the proceeding when a Personnel Advisory Board hearing is requested and granted. The only issue before the court at this juncture is, of course, the legality of plaintiff's suspension without pay pending removal during the course of this termination proceeding against him.

While A.S.C.A § 7.0802 does not mention suspension with or without pay as a tool of the termination process, these would seem to be inherent, executive authority to suspend an employee before removal is effective under circumstances when continued performance of regular duties are detrimental to the Government's interests. In any event, A.S.A.C. § 4.0802(e) provides guidelines for when such action is appropriate.

The most sensible interpretation of A.S.A.C. § 4.0802(e) is to apply its provisions for the entire period from written notification by the employee's agency head to the employee of the charges against him and the proposed action until either the proposed termination becomes effective or the proceeding is cancelled.

The clear preference of A.S.A.C. § 4.0802(e) is to retain the employee in active-duty status during this notice period. A different course of action must be predicated on a determination that it is unadvisable from an official standpoint to keep the employee in that

20

status. Examples of such circumstances cited in A.S.A.C. § 4.0802(e)(2) include retentions that may result in damage to Government property, or may be detrimental to government interests, or may injurious to the employee, his fellow workers or the general public. In no event may this action be arbitrary or capricious. A.S.A.C. § 4.0801.

When retention in the employee's position is inadvisable, the employee's agency head has several options. The preferred choice in this situation is to place the employee on annual leave. When annual leave is not utilized, the employee may be either assigned duties in which the detrimental condition will not exist or placed on excused absence. When reassignment or excused absence are utilized, the employee's time to reply to the charges is reduced from three days to 24 hours. A.S.A.C. § 4.0802(e)(1)-(2). The shortened reply period indicates the relatively greater seriousness of reassignment or excused absence compared to annual leave, even though both excused absence, under A.S.A.C. § 4.0802, and reassignment, *see* A.S.A.C. § 4.0804, do not involve any loss of pay and benefits.

The agency head's final option is to recommend to the Director of Human Resources that the employee be placed on immediate suspension pending termination. Only the Director has the authority to suspend, and then it exists only upon request. A.S.A.C. § 4.0802(e)(2). Presumably, the request would normally come from the employee's agency head, but it could be made by other competent authority, such as the Governor. It appears from the structure of A.S.A.C. § 4.0802(e) that suspension is the least-favored course of action and must be based on circumstances seriously and adversely impacting the Government's interests.

While the rule does not state whether or not suspension pending removal is with or without pay, again we believe that the Government has inherent authority to take this action with either alternative, provided that there are sufficient justifying circumstances supporting the decision as reasonable, as opposed to arbitrary or capricious. It is noted in this regard that excused absence normally contemplates a period of short-term duration. *See* A.S.A.C. § 4.0511.

When the Government makes rules to govern the conduct of its affairs, it must play by those rules. In the case, there was no recommendation to or request of the Director of Human Resources by plaintiff's agency head, the Commissioner of Public Safety, or other competent authority to place plaintiff on suspension pending removal, and there was no documented justification for such action. The Director

clearly acted in excess of his authority when he unilaterally took the most severe of administrative actions. This excess must be corrected.

Plaintiff's motion for partial summary judgment is granted against the Government only. At this stage, there has been no showing that the named Government departments and the Government instrumentality are properly subject to suit in this action.

Plaintiff must be reinstated as the head of the Government's SPICIN and Interpol operations, the position he held on February 25, 1992, and must receive all entitlements to pay and benefits from the effective date of his suspension without pay, February 26, 1992.

The Acting Governor's authority to restore plaintiff to this position on November 18, 1991, is without question. The Governor has general supervision and control of all executive departments, agencies and instrumentalities of the Government. Rev. Const. Am. Samoa Art. II, § 7; A.S.A.C. § 4.0111(b). Personnel decisions are subject to his direction so long as his actions are in accordance with applicable territorial and federal laws and rules. See A.S.C.A. § 7.0110; A.S.A.C. § 4.0102. The Acting Governor's action did not exceed his authority.

Plaintiff's reinstatement does not mean that the Government must keep plaintiff in this position while the proposed termination proceeding is pending. If one of the conditions described in A.S.A.C. § 4.0802(e) or other similarly serious condition exists, the Government may place plaintiff on annual leave, reassign him to duties in which the condition does not exist, place him on excused absence, or suspend him with or without pay pending removal, provided the action is taken in compliance with all applicable laws and rules and is based on substantive and documented justification.

The Government asserts that plaintiff's reinstatement with pay harms the Government's pecuniary interests. It is argued that as a matter of policy, if misconduct warrants dismissal, the Government should not be required to pay the employee pending removal. On a case-by-case basis, circumstances may justify that position. However, suspension without pay pending removal is the last resort under the existing polices and procedures for termination. Moreover, plaintiff will not recover more than his due in pay and benefits to the extent he has unused, earned annual leave, to which he is entitled without regard to when his employment with the Government may end, or he is reassigned to other duties.

22

The Government also points out that plaintiff has caused the delay in the Personnel Advisory Board hearing and, on this basis, it should not be required to pay him any extended period pending removal. It is likewise true, however, that this motion for partial summary judgment has been made and granted due to a serious error of law in the Government's handling of the underlying termination proceeding. There are still other, alleged serious errors of law to be resolved at the trial of this action. The Court is not now ruling on the merits of any of these issues, but only correcting the procedurally improper suspension action taken by the Director of Human Resources. Suspension without pay pending removal is not beyond the Government's grasp if there is proper procedural compliance and substantive justification for such action.

Partial summary judgment reinstating plaintiff to the position he held on February 25, 1992, with all pay and benefits restored from February 26, 1992, forward, shall be entered.

It is so ordered.